**CARRIE E. HURTIK, ESQ.**
Nevada Bar No. 7028
6767 W. Tropicana Ave., Suite 200
Las Vegas, Nevada 89103
(702) 966-5200
(702) 966-5206 Facsimile
Attorney for Debtor,
DMVH LLC

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>DMVH LLC<br><br>         Debtor. | Case No.: BK-21-12712-nmc<br><br>Chapter 11<br><br>**DEBTOR'S MOTION FOR ORDER UNDER BANKRUPTCY CODE §§ 305(a) AND 1112(b) DISMISSING DEBTOR'S CHAPTER 11 CASE** |

COMES NOW DMVH LLC debtor-in-possession in this Chapter 11 case (the "**Debtor**"), respectfully moves the Court for an order, substantially in the form attached to this motion as *Exhibit A* (the "**Proposed Order**"), under Bankruptcy Code §§ 305(a) and 1112(b) and Bankruptcy Rule 1017(a), dismissing this Chapter 11 case. This Motion is supported by the entire record before the Court and by the following:

### Jurisdiction

1.  On May 27, 2021 (the "Petition Date"), DMVH LLC (the "Debtor") filed an voluntary petition in this Court under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"). On May 28, 2021, the Court filed the Notice of Appointment of Subchapter V Trustee and Verified Statement. The Debtor continues to manage its remaining assets as a debtor-in-possession under Bankruptcy Code §§ 1107 and 1108.

2. This Court has jurisdiction over this Chapter 11 case under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2). Under LR 1001(a) of the Local Rules of Bankruptcy Practice of the United States Bankruptcy Court for the District of Nevada (the "Local Rules"), the Debtor consents to the Court's entry of a final order on this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection with this Motion consistent with Article III of the United States constitution. Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409.

3. The statutory basis for the relief this Motion seeks is Bankruptcy Code §§ 305(a) and 1112(b) and Bankruptcy Rule 1017(a).

4. No official committees have been appointed in this case.

### Background Facts Concerning the Debtor

5. Information concerning the Debtor's former business operations and the events leading up to this Chapter 11 case is contained in the Chapter 11 Subchapter V Voluntary Petition field on May 27, 2021.

### Sale of Asset

6. On August 17, 2021, this Court entered its Order Denying in Part and Granting in Part Trident Pacific Real Estate Groups Motion to Dismiss the Bankruptcy Case, or in the Alternative, Request for Relief from the Automatic Stay.

7. On September 2, 2021, a foreclosure auction was held and the Subject Property, a Four-Plex located at 25 Gold Bar Court, Las Vegas, NV 89110 was sold. As a result of the sale the Creditor Trident Pacific Real Estate Group's debt has been resolved.

///

**Case Status**

8. As a result of the Sale, the Debtor's financial and business affairs have been reduced to the remaining properties with Debts owed to Creditor MR. COOPER. To date MR. COOPER has not made an appearance in this matter.

9. The property at 25 Gold Bar Court, Las Vegas, NV was the only rental property without a mortgage debt. The Debtor's remaining debts are small liens that can be paid out of the surplus of the foreclosure sale of 25 Gold Bar Court, Las Vegas, NV 89110.

10. Assuming this Court's approval, once the Counsel Fees and U.S. Trustee fees are paid in full all that is left for the Debtor and their Counsel to do negotiate with the Mortgage holder of the remaining properties. The Debtor does not believe a formal proceeding under the Bankruptcy Code is required to accomplish those relatively basic tasks or, because of the expense of a Chapter 7 administration, to say nothing of a Chapter 11 plan process, is it in the best interests of creditors. Rather, the Debtor believes the interests of its creditors are best served, and creditor recoveries maximized, by a dismissal of this case. The Creditors would be protected as their interests are secured by real property and they have the ability to foreclose if the Debtor fails to reach an agreement with them.

**RELIEF REQUESTED**

11. By this motion, the Debtor requests that the Court enter the Proposed Order dismissing this case and granting related relief by dismissing this proceeding.

**Cause Exists to Dismiss Case**

12. Under Bankruptcy Code § 1112(b)(1), a bankruptcy court must dismiss a case "for cause": "on request of a party in interest, and after notice and a hearing, absent unusual circumstances specifically identified by the court that establish that the requested … dismissal

is not in the best interests of creditors and the estate, the court shall … dismiss a case … in the best interests of creditors and the estate, if the movant establishes cause." <u>In re 3 Ram, Inc</u>., 343 B.R. 113, 119 (Bankr. E.D. Pa. 2006) ("Under new § 1112 when cause is found, the court shall dismiss or convert unless special circumstances exist that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate").

13. Causes exists to dismiss this case. Bankruptcy Code § 1112(b)(4) contains a non- exhaustive 4 list of 16 separate 5 grounds for dismissal. The first of these grounds, § 1112(b)(4)(A), is a "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation." Here, the Debtor's most profitable property has been foreclosed upon. The only remaining issue is to negotiate with the lien holders of the remaining properties. But administrative claims such as professional fees and U.S. Trustee fees, continue to accrue each day this case remains open.

14. For these reasons, including the absence of a reasonable likelihood of rehabilitation and the fact that a Chapter 11 plan is neither feasible nor in creditors' best interests, cause exists to dismiss this case under § 1112(b)(4).

**Best Interests of Creditors**

15. Dismissal serves the best interests of the Debtor's creditors. Once a movant establishes "cause" under § 1112(b), a bankruptcy court must consider the second question of whether to dismiss the case or convert it to Chapter 7. Several considerations compel this Court to conclude that dismissal, rather than conversion of this case to Chapter 7, best serves the interests of the Debtor's creditors. Incurring the considerable administrative expenses associated with a Chapter 11 plan and disclosure statement process simply to negotiate the outstanding Mortgages is wasteful and would materially harm creditors' interests. The

Creditor's interest is secured by real property, and they have the ability to foreclose in the event an agreement cannot be negotiated.

### Dismissal is Warranted under § 305(a)

16. As an alternative to dismissal under § 1112(b), the Court may dismiss this case under § 305(a) "after notice and a hearing … at any time if— (1) the interests of creditors and the debtor would be better served by such dismissal …." Dismissal under § 305(a) is only appropriate where the court finds that both creditors and the debtor's interests would be better served by dismissal. Several criteria inform a court's inquiry regarding the interests of creditors and the debtor in this context, including (a) the economy and efficiency of administration, (b) whether federal proceedings are necessary to reach a just and equitable solution, (c) whether there is an alternative means of achieving an equitable distribution of assets, and (d) whether the debtor and the creditors are able to work out a less expensive out-of-court arrangement that better serves all interests in the case.

### Requested Dismissal is Permissible and Appropriate

17. The dismissal requested in this motion is a straightforward, simple dismissal of this case. The only additional relief sought in the Proposed Order comprises: (a) a provision ensuring that the validity and enforceability of this Court's prior orders,, survive dismissal; (b) this Court's retaining of jurisdiction to hear final fee applications for Counsel Fees. No creditor priorities are reordered or skipped. No settlement among creditors is proposed. No releases are sought. The dismissal requested here is not the type of "structured" dismissal that remotely implicates the U.S. Supreme Court's decision in Czyzewski v. Jevic Holding Corp. (In re Jevic Holding Corp.), 137 S. Ct. 973 (2017). The Debtor's secured creditors have the option of negotiating with the Debtor or pursuing their remedies through

non-judicial foreclosure.

18. The Debtor seeks a dismissal as a superior alternative to conversion of this case to Chapter 7, an alternative that serves the best interests of both the Debtor and its creditors because it avoids a time-consuming Chapter 7 process that would only create significant administrative expenses depleting funds available for creditor distributions. The proposed dismissal is the option most likely to maximize creditor recoveries at minimum expense.

## NOTICE

19. Notice of this Motion has been provided to: (a) the Office of the U.S. Trustee; (b) all creditors (including the Petitioning Creditors) and all equity holders; (c) all parties requesting notice under Rule 2002. The Debtor respectfully submits that no further notice of this motion is required under Rule 2002 or Local Rule 2002-1(b).

For the foregoing reasons, the Debtor respectfully requests that the Court enter the Proposed Order substantially in the form attached to this Motion as Exhibit A and grant any additional relief the Court deems appropriate.

THEREFORE, Debtor respectfully requests Your Honor grant the Motion Extending Time to File a Chapter 11 Subchapter V plan.

DATED this 9th day of September 2021.

**HURTIK LAW & ASSOCIATES**

/s/    *Carrie E. Hurtik*
_____
**CARRIE E. HURTIK, ESQ.**
Attorney for Debtor,
DMVH LLC

# CERTIFICATE OF MAILING

STATE OF NEVADA )
) ss.
COUNTY OF CLARK )

I, JONATHON R. PATTERSON, declare:

Pursuant to FRCP 5(b) I hereby certify that I am a resident of and employed in Clark County, Nevada. I am over the age of eighteen years and not a party to the within action. My business address is 6767 W. Tropicana Avenue, Suite 200, Las Vegas, NV 89103.

On September 13, 2021, I served the document described as **MOTION TO EXTEND TIME TO FILE CHAPTER 11 PLAN** on the parties listed below:

*SEE ATTACHED SERVICE LIST*

☒ **VIA U.S. MAIL:** by placing a true copy thereof enclosed in a sealed envelope with first class postage thereon fully prepaid, in the United States mail at Las Vegas, Nevada. I am "readily familiar" with the firm's practice of collection and processing correspondence by mailing. Under that practice, it would be deposited with the U.S. postal service on that same day with postage fully prepaid at Las Vegas, Nevada in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit.

**Notice is hereby given that unless a responsive pleading is filed within 21 days from the date of this service, an order granting this motion may be issued by the Court without further notice or hearing as provided by L.B.R. 9103-1(b).**

I declare under penalty of perjury that the foregoing is true and correct.
Executed at Las Vegas, Nevada, on September 13, 2021.

/s/ *JONATHON R. PATTERSON*
_____
JONATHON R. PATTERSON an employee of
CARRIE E. HURTIK, ESQ.

7

# SERVICE LIST

| | |
|---|---|
| Clark County Assessor<br>500 S. Grant Central Parkway<br>P.O. Box 551401<br>Las Vegas, NV 89155 | Mr Cooper<br>8950 Cypress Waters Blvd.<br>Coppell, TX 75019 |
| Trident Pacific<br>425 30th Street #9<br>Newport Beach, CA 92663 | HOA Lawyers Group<br>Woodcrest HOA<br>9500 W. Flamingo Suite 204<br>Las Vegas, NV 89147 |
| Las Vegas Valley Water District<br>1001 S. Valley View Blvd.<br>Las Vegas, NV 89153 | Republic Services<br>770 E. Sahara Avenue<br>Las Vegas, NV 89193 |
| Terrasini Unit Owners Association<br>8290 Arville Street<br>Las Vegas, NV 89139 | Manh P Van and Huong K-Truong<br>173 Dang Van Ngu, P13<br>District Phu-Nhuan<br>Ho Chi Minh VN |
| Brandon P. Johansson, Esq.<br>Armstrong Teasdale LLP<br>3770 Howard Hughes Parkway, Suite 200<br>Las Vegas, NV  89169 | Edward Burr<br>10191 E. Shangri Las Rd.<br>Scottsdale, AZ 85260-6302 |
| United Trustee-LV-11<br>300 Las Vegas Blvd., South<br>Las Vegas, Nevada 89101-5833 | United States Bankruptcy Court<br>300 Las Vegas Blvd., South<br>Las Vegas, Nevada 89101-5833 |

# EXHIBIT A

UNITED STATES BANKRUPTCY

COURTDISTRICT OF NEVADA

| In re<br><br>DMVH LLC,<br><br>Debtor | Chapter 11<br><br>Case No. 21-12712-nmc |
|---|---|

**[PROPOSED] ORDER GARNTING DEBTOR'S MOTION FOR ORDER UNDER BANKRUPTCY CODE §§ 305(a) AND 1112(b) DISMISSING DEBTOR'S CHAPTER 11 CASE**

Upon consideration of the *DEBTOR'S MOTION FOR ORDER UNDER BANKRUPTCY CODE §§ 305(a) AND 1112(b) DISMISSING DEBTOR'S CHAPTER 11 CASE* (the "Motion"), pursuant to § 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014(a) and Local Rule 2014-1; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and it appearing that the Dismissal in the best interest of the Debtor's estate and its creditors; and it appearing that notice of the Motion was adequate and proper under the circumstances of this case, and it appearing that no further notice of the Motion is required; and the Court having found that good andsufficient cause exists for granting the Application; it is hereby;

**ORDERED**, that the Motion is granted; and it is further;

**ORDERED**, that all previous orders issued in this matter are still in effect;

**ORDERED**, that all compensation to HURTIK LAW & ASSOCIATES for services rendered to the Debtor, and reimbursement of expenses incurred in connection

therewith, shall be submitted to and approved by this Court, in accordance with Bankruptcy Code §§ 327, 330 and 331, such Bankruptcy Rules and Local Rules of this Court as may then be applicable, and any orders of this Court governing such matters; and it is further;

**ORDERED**, that this Court shall retain jurisdiction over all matters arising from or related to the interpretation and implementation of this Order.

Dated: September ____, 2021

Las Vegas, Nevada

_____
United States Bankruptcy Judge

Respectfully Submitted By:

**HURTIK LAW & ASSOCIATES**

*/s/ Carrie E. Hurtik*
_____
**CARRIE E. HURTIK, ESQ.**
Nevada Bar No. 7028
6767 W. Tropicana Avenue, Suite 200
Las Vegas, Nevada 89103
Attorneys for Debtor
DMVH, LLC